■ In the Matter of the Rehabilitation of UNITED COMMUNITY INSURANCE COMPANY. SALVATORE R. CURIALE, as Superintendent of Insurance, Respondent; HOME INDEMNITY COMPANY, Appellant. [641 NYS2d 172] —Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered February 6, 1995 in Schenectady County, which denied Home Indemnity Company's motion to modify an injunction.

By order dated July 7, 1994 pursuant to Insurance Law article 74, United Community Insurance Company was adjudged insolvent, petitioner and his successors in office were appointed rehabilitator and all persons were enjoined from

bringing or further prosecuting any actions or proceedings against United Community or petitioner (hereinafter the order of rehabilitation). At that time, Home Indemnity Company was in the process of appealing a denial of its application for a stay of arbitration involving an uninsured motorist claim as it pertained to a vehicle whose insurance had been canceled by United Community. The basis of the appeal was a determination dated September 30, 1992,[1] rendered by Supreme Court, Kings County, even after a motion to renew and reargue, that the insurance policy had been properly canceled by United Community and therefore there existed no basis to grant Home Indemnity's motion for both a stay of arbitration and permission to add United Community as an additional respondent.

Since the order of rehabilitation was issued after Supreme Court's determination, Home Indemnity moved to modify the injunction issued in connection therewith, contending that there could be no negative impact to United Community as a result of the appeal because even if Supreme Court's determination was reversed, any action thereafter brought against United Community, as it pertained to the cancellation of the policy, would be dismissed as time-barred. Supreme Court denied the motion and Home Indemnity now appeals, contending that the denial was an abuse of discretion. We disagree and affirm.

The record herein does not include the record submitted on appeal in the stay of arbitration matter. Thus, beyond seeking a determination that United Community's cancellation of its policy was invalid for purposes of Home Indemnity's uninsured motorist coverage as between Home Indemnity and its insured[2] and that there exists a need to name United Community as a party thereto, there is no indication of the relief sought by Home Indemnity against United Community and no basis to support the contention that no harm, interference or waste could inure to United Community or its creditors as a result of its appeal.

It is axiomatic that the " 'provisions of the Insurance Law with reference to liquidation by the Superintendent are

1. That determination was modified by a determination dated May 10, 1993 so as to accurately reflect that the stay of arbitration was denied. The May 10, 1993 determination reflected Supreme Court's denial of Home Indemnity's motion to renew and, notwithstanding the grant of the motion to reargue, the court adhered to its prior determination.

2. Although not included in the record, it is undisputed that the arbitration of this claim has already concluded and that the arbitrator awarded $50,000 against Home Indemnity pursuant to the uninsured motorist coverage. Confirmation of the award was pending at the time of appeal.

exclusive in their operation and furnish a complete procedure for the protection of the rights of all parties interested' " (*Matter of General Acc. Fire & Life Assur. Corp.*, 115 AD2d 357, 359, quoting *Matter of Lawyers Tit. & Guar. Co.*, 254 App Div 491, 492). Hence, because "[a] motion to vacate or modify a preliminary injunction is addressed to the sound discretion of the court * * * [and that] [o]ne claiming error in its exercise has to show an abuse of such discretionary power" (*Rosemont Enters. v Irving*, 49 AD2d 445, 448, *appeal dismissed* 41 NY2d 829), we find that since Home Indemnity has failed to sustain its burden, we will not disturb the determination of Supreme Court.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

