■ HENRY J.W. VANDERMINDEN, III, et al., Respondents, v ROBERT D. VANDERMINDEN, SR., Individually and as Coexecu-

---

tor of HENRY J.W. VANDERMINDEN, JR., Deceased, et al., Appellants. [696 NYS2d 294] —Spain, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 3, 1998 in Washington County, which, *inter alia*, denied defendants' motion to modify a preliminary injunction.

On September 26, 1988 plaintiff Henry J.W. Vanderminden, III (hereinafter Henry), and his only sibling, defendant Robert D. Vanderminden, Sr. (hereinafter Robert), executed an agreement reflecting their understanding that the brothers and their respective families owned an equal amount of voting stock in the family business, Telescope Casual Furniture, Inc. (hereinafter the company). Their father, Henry J.W. Vanderminden, Jr. (hereinafter the father), also executed that agreement thereby agreeing not to transfer any of the company's voting stock to either of his sons or their families so as to alter their equal ownership of company stock.

In July 1989, all shareholders of the company executed an irrevocable voting trust and pooling agreement, providing for all of the company's stock to be pooled together for five years with Henry and Robert serving as co-voting trustees. In September 1989, the father, acting pursuant to a power of attorney executed by his wife in 1987, conveyed 52 voting shares of the company's stock to Robert's daughter—defendant Katherine V. Rathbun. Shortly before the voting trust and pooling agreement was due to expire, plaintiffs—Henry and his children—commenced the underlying action in July 1994 alleging, as relevant, that defendants—Robert, his children and the father's estate—breached the September 1988 agreement by inducing the father to transfer the 52 shares of voting stock to Rathbun, thereby giving Robert's family the controlling interest in the company.

Supreme Court, by order entered March 8, 1995, *inter alia*, granted plaintiffs' request for a preliminary injunction restraining defendants from acting in a manner inconsistent with the parties' voting trust agreement, and broadly enjoined all parties from "any transfer of shares during the pendency of this action". Upon defendants' reargument and renewal motion, the court adhered to its prior decision. On appeal, *inter alia*, we rejected defendants' contentions that the preliminary injunction was improperly granted, an issue discussed at length in our decision (*see*, 226 AD2d 1037, 1040-1042).

Subsequently, Robert transferred shares of the company stock to his children for estate planning purposes, but was advised that the transfer might violate the preliminary injunction's prohibition against "any" stock transfers. Plaintiffs

refused to stipulate to a modification of the injunction to permit the brothers to transfer stock to their children for estate planning purposes, because it would provide a greater benefit to Robert than to Henry. Specifically, the company's shareholder agreement, *inter alia*, only permitted transfer of stock to the transferor's descendants who are full-time company employees, and more of Robert's children were so employed than were Henry's children.

Hence, defendants moved to modify the preliminary injunction, arguing that permitting the brothers to transfer stock to their children—all of whom are named parties to this action—for estate planning purposes would not alter the balance of voting stock ownership between the brothers' respective families. Defendants contended that the sole purpose of the preliminary injunction was to maintain the status quo by preventing the shift in voting control between plaintiffs and defendants, and that the restriction on intrafamily transfers serves no legitimate purpose. Plaintiffs opposed the modification request because defendants violated Supreme Court's preliminary injunction, arguing that it could affect plaintiffs' ability to recover in this action while allowing defendants to continue to benefit from their breach of the September 1988 agreement which gave them control of the company. Supreme Court denied defendants' modification request and granted plaintiffs' cross motion directing that the shares conveyed by Robert to his children be reconveyed. Defendants* appeal and we affirm.

In our view, the preliminary injunction served the purpose of preserving the status quo by continuing the parties' voting trust agreement until the issue of defendants' breach of the September 1988 agreement—premised on the transfer of stock to Rathbun in 1989—is resolved (*see, Matter of Heisler v Gingras*, 238 AD2d 702, 703). While the necessity of precluding the brothers' transfer of stock to eligible descendants is debatable—where they are named parties to the action herein subject to any final judgment on the merits—defendants have not demonstrated that Supreme Court abused its discretion in declining to modify the preliminary injunction in this respect (*see, Matter of United Community Ins. Co.*, 226 AD2d 948, 950; *Rosemont Enters. v Irving*, 49 AD2d 445, 448, *appeal dismissed* 41 NY2d 829; *see also*, CPLR 6314). However, in view of the evident hardship to Robert attributable to this now very lengthy injunction, regardless of who prevails in the underlying action, it is imperative that a deadline be promptly

---

* Henry, a plaintiff herein and also a named defendant as coexecutor of the now deceased father's estate, did not join in the other defendants' appeal.

established for the completion of discovery and the trial of this action.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.