■ HONEYWELL INTERNATIONAL, INC., et al., Respondents, v R. FREEDMAN & SON, INC., Also Known as R.K. FREEDMAN & SONS JUNKYARD, et al., Appellants. [761 NYS2d 745] —Crew III, J.P. Appeal from that part of an order of the Supreme Court (Malone, Jr., J.), entered February 20, 2003 in Albany County, which granted a motion by plaintiff Honeywell International, Inc. to modify a preliminary injunction.

Defendants operate a scrap metal processing facility located on Tibbits Avenue in the Village of Green Island, Albany County. As part of their business, defendants operate a large, ferrous metal shredder to process automobiles, appliances and other ferrous metal scrap. Notwithstanding defendants' efforts to identify and remove contraband that may be contained within the household appliances and automobiles, such as propane and acetylene tanks, some such contraband goes undiscovered and is introduced into the shredding process resulting in explosions. Indeed, between August 1999 and March 2001, defendants experienced six such explosions, which cast metal shrapnel onto the adjacent property owned by plaintiff Honeywell International, Inc., caused windows to be broken at Honeywell's manufacturing plant located on the property and tripped circuit breakers resulting in equipment shutdown.

As a consequence, Honeywell commenced this action in December 2000 seeking a permanent injunction and damages based upon nuisance, trespass and negligence and sought a preliminary injunction pendente lite. In July 2001, plaintiff Village of Green Island's motion to intervene was granted. On March 7, 2001, Supreme Court granted a preliminary injunction prohibiting defendants from causing or failing to prevent any explosion that "causes (a) one or more broken windows, (b) the tripping of a circuit-breaker and/or any equipment alarm resulting in an equipment shutdown, or (c) a personal injury of any kind on [Honeywell's] property * * * [or] causing or failing to prevent metal debris * * * from being cast * * * onto [Honeywell's] property." Thereafter, a further explosion occurred in the shredder resulting in the issuance of an order of contempt on May 9, 2001.

On May 15, 2002, defendants suffered an additional explo-

sion in the shredder, which again resulted in broken windows at Honeywell's facility, thus violating the preliminary injunction. As a consequence, Honeywell moved to expand the preliminary injunction to prohibit operation of the shredder altogether. While such motion was pending, yet another explosion occurred on August 26, 2002, again causing damage to Honeywell's facility and tripping an alarm on a weigh tank at the facility. Following an extensive hearing, Supreme Court expanded the preliminary injunction by enjoining the operation of the shredder. Defendants now appeal.

Defendants' arguments distill to their disagreement with Supreme Court as to the import of the facts revealed by the testimony adduced at the hearing. Be that as it may, there can be no doubt that defendants were in violation of the initial preliminary injunction and, further, that defendants will be unable, in the future, to assure that additional explosions will not occur and that the effects thereof will not violate the injunction. Indeed, the record makes plain that additional explosions assuredly can be anticipated if operation of the shredder continues. In these circumstances, we cannot say that Supreme Court, as a matter of law, abused its discretion in expanding the preliminary injunction, which is the standard of review here (*see e.g. Albany Med. Coll. v Lobel*, 296 AD2d 701, 702 [2002]).

That being the case, we find merit in defendants' assertion that this matter must be remitted for the fixing of a suitable amount of an undertaking. While defendants did not make a motion to have their potential damages ascertained and the issue is thus not properly preserved, we will address the issue in the interest of justice inasmuch as we perceive a legitimate basis for remitting the matter for determination of the amount of a sufficient undertaking.

The record reveals that defendants' shredding operation accounted for 40% or approximately $4.5 million of defendants' 2002 total revenues. Accordingly, the original $25,000 undertaking posted in connection with the initial preliminary injunction is patently inadequate to cover defendants' foreseeable damages as the result of the expanded terms of that injunction. Accordingly, a larger undertaking is warranted, and the matter is remitted to Supreme Court for the purpose of fixing the appropriate amount of such undertaking (*see Rourke Devs. v Cottrell-Hajeck Inc.*, 285 AD2d 805, 805 [2001]).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, as a matter of discretion in the interest of justice, without costs, by remitting the matter to the

Supreme Court for further proceedings not inconsistent with this Court's decision, and, as so modified affirmed.