█ In the Matter of HOWARD MILLS, as Superintendent of Insurance of the State of New York and Rehabilitator of Frontier Insurance Company, Respondent, v FLORIDA ASSET FINANCING CORPORATION et al., Appellants. [818 NYS2d 333]—

Rose, J. Appeal from an order of the Supreme Court (Clemente, J.), entered August 1, 2005 in Sullivan County, which, upon reconsideration, inter alia, granted petitioner's application, in a proceeding pursuant to Insurance Law article 74, for ratification and approval of its transactions with National Indemnity Company.

Petitioner, as rehabilitator of Frontier Insurance Company, commenced this proceeding seeking Supreme Court's approval of a proposed agreement whereby National Indemnity Company (hereinafter NICO), a reinsurer of Frontier, would pay Frontier approximately $45 million and forgive approximately $145 million of Frontier's debt in exchange for a reduction in NICO's reinsurance obligation. Respondents objected and Supreme Court initially dismissed the petition, finding that a prior order of the court (Lehner, J.), which had denied ratification of a prior agreement, was law of the case. When petitioner then moved for, among other things, reargument, Supreme Court recognized the distinction between the two agreements, vacated its original decision and granted the petition. Respondents appeal.

---

Inasmuch as Supreme Court's decision acknowledged that it had originally misconstrued the prior order of Justice Lehner, it did not abuse its discretion in permitting reargument (*see Matter of Ellsworth v Town of Malta*, 16 AD3d 948, 949 [2005]; *Peak v Northway Travel Trailers*, 260 AD2d 840, 842 [1999]). Nor did Supreme Court err in approving the proposed agreement. The Legislature has granted petitioner plenary powers and broad discretion to manage, as a fiduciary, the affairs of an insolvent insurer (*see* Insurance Law art 74; *Corcoran v Ardra Ins. Co.*, 77 NY2d 225, 232 [1990], *cert denied* 500 US 953 [1991]). The courts will generally defer to the rehabilitator's business judgment and disapprove the rehabilitator's actions only when they are shown to be arbitrary, capricious or an abuse of discretion (*see* 26 Holmes' Appleman on Insurance 2d § 161.4, at 45; § 161.6, at 52; *Matter of Lawyers Tit. & Guar. Co.*, 254 App Div 491, 494 [1938]; *Matter of National Sur. Co.*, 248 App Div 111 [1936], *affd* 272 NY 613 [1936]).

Here, petitioner established that the proposed agreement was essential to Frontier's rehabilitation and, despite petitioner's disclosure of financial information to respondents, respondents have not shown that the proposed agreement was arbitrary, capricious or an abuse of discretion. Although respondents argue that the petition should have, but failed to, set forth the specific financial information mandated by 11 NYCRR 128.4, we note that this contention was not raised before Supreme Court and, thus, is not properly before us (*see e.g. Matter of Gibson v Gleason*, 20 AD3d 623, 624 [2005], *lv denied* 5 NY3d 713 [2005]). In any event, as petitioner's interpretation of his own regulation has not been shown to be unreasonable, we will defer to his expertise (*see State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 321 [2005]). Accordingly, we find that the record amply supports Supreme Court's determination to grant the petition.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.