In the Matter of CALLON PETROLEUM COMPANY, Appellant, v SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Rehabilitator of FRONTIER INSURANCE COMPANY, Respondent. [863 NYS2d 92]—

Lahtinen, J. Appeal from an order of the Supreme Court (Platkin, J.), entered April 6, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Insurance Law article 74, to compel respondent to satisfy a money judgment against Frontier Insurance Company.

Respondent is the rehabilitator of Frontier Insurance Company. The factual background is set forth in detail in related court matters, in which petitioner's $2.7 million default judgment against Frontier was upheld (*Callon Petroleum Co. v Frontier Ins. Co.*, 351 F3d 204 [2003]) and the value of the claim was determined to be fixed at such amount in the rehabilitation (*Matter of Frontier Ins. Co.*, 27 AD3d 274 [2006], *lv denied* 7 NY3d 713 [2006]). Petitioner commenced the instant proceeding seeking to require respondent to pay the judgment. Supreme Court dismissed the petition and this appeal ensued.

"[T]he Legislature . . . bestowed upon [respondent] broad fiduciary powers to manage the affairs of distressed domestic insurers and to marshal and disburse their assets" (*Matter of Dinallo v DiNapoli*, 9 NY3d 94, 97 [2007]). Where, as here, an effort is being made to rehabilitate (rather than liquidate) an insurer, respondent is required " 'to take possession of the property of such insurer and to conduct the business thereof, and to take such steps toward the removal of the causes and conditions which have made such proceeding necessary as the court shall direct' " (*id.* at 98, quoting Insurance Law § 7403 [a]; *see Matter of Allcity Ins. Co. [Kondak]*, 66 AD2d 531, 535 [1979], *lv denied and dismissed* 48 NY2d 602 [1979], *lv denied* 48 NY2d 629 [1979]). "The courts will generally defer to the rehabilitator's business judgment and disapprove the rehabilitator's actions only when they are shown to be arbitrary, capricious or an abuse of discretion" (*Matter of Mills v Florida Asset Fin. Corp.*, 31 AD3d 849, 850 [2006] [citations omitted]). A party contesting the rehabilitator's actions bears the burden of showing arbitrary conduct by the rehabilitator (*see* 26 Holmes' Appleman on Insurance 2d § 161.4 [E]).

Notwithstanding the limited record before us, we conclude that petitioner made a prima facie showing that respondent, by taking the approach of essentially ignoring its obligation to petitioner despite the decisions of the First Department and the Fifth Circuit Court of Appeals,* acted arbitrarily and capriciously. Indeed, it appears from this record that no effort has been made to negotiate, compromise, pay or otherwise resolve this obligation. Under these circumstances—particularly given the existence of two appellate court decisions and the apparent absence of any effort by respondent to address petitioner's claim—we reject Supreme Court's reasons for dismissing the petition.

The validity of the instant claim has been judicially established, eliminating the requirement that petitioner comply with the typical interim procedure. Respondent's failure to act upon presentment of petitioner's established claim, other than to question and ignore the underlying judicial determinations, left petitioner no option other than to, again, seek judicial intervention. Respondent's responsibility is to conduct the business of the insurer and exercise its sound business judgment (*see* Insurance Law § 7403 [a]; *Matter of Mills v Florida Asset Fin. Corp.*, 31 AD3d at 850; *Matter of Allcity Ins. Co. [Kondak]*, 66 AD2d at 535). In the event liquidation can be avoided, petitioner should be entitled to some payment for its established claim and, if the matter proceeds to liquidation, petitioner will be entitled to such compensation as is available to judgment creditors (*see generally* 26 Holmes' Appleman on Insurance 2d § 165.4). Respondent is required to discharge its statutory duty by taking some affirmative action with respect to petitioner's claim. Until respondent does so, there can be no meaningful judicial review of this issue.

Petitioner further argues that payments already made by respondent to other creditors reflect improper preferences. As we have observed, the record before us is sparse, and we find that it is insufficient to resolve this issue. However, the petition sets forth adequate allegations such that a hearing should be held to afford petitioner an opportunity to prove them. If the parties are unable to resolve the matter expeditiously, a hearing should be conducted by Supreme Court on this issue.

* We note that federal courts typically exercise *Burford* abstention (*see Burford v Sun Oil Co.*, 319 US 315 [1943]) regarding state rehabilitation proceedings and, while the Fifth Circuit Court of Appeals recognized such precedent in the earlier case involving these parties (*Callon Petroleum Co. v Frontier Ins. Co.*, 351 F3d at 209), the court did not find abstention appropriate in light of the dilatory and cavalier approach by respondent (*id.*).

Cardona, P.J., Mercure, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.