■ In the Matter of the Rehabilitation of FRONTIER INSURANCE COMPANY. GREGORY SERIO, as Superintendent of Insurance, Petitioner; FRONTIER INSURANCE COMPANY, Respondent. JOHN P. et al., as Guardians of JEFFREY P., Appellants. [870 NYS2d 144]—

Kane, J.

In 2001, Supreme Court (Lehner, J.) placed respondent in rehabilitation and issued an injunction staying all actions then pending or to be commenced against it (*see* Insurance Law §§ 7403, 7419 [b]). John P. and Sue Ellen P. (hereinafter the parents), as guardians of their disabled son, commenced an action in Delaware state court against, among others, a corporation insured by respondent. They obtained a judgment for compensatory and punitive damages against the now-defunct corporation and one of its employees. After the parents demanded that respondent indemnify its insured and satisfy the Delaware judgment, petitioner, as respondent's rehabilitator, disagreed with their interpretation of the insurance policies and offered to pay only a percentage of the compensatory damages. The parents then commenced a declaratory judgment action against respondent in federal court to resolve the issue of coverage. The federal court suspended that action based upon the stay provision of the 2001 order of rehabilitation. The parents then filed the present motion, within the rehabilitation proceeding, seeking to modify the injunction so as to enable them to prosecute their federal action. Supreme Court (Platkin, J.) denied the motion, prompting this appeal.

Supreme Court properly denied the parents' request for an exception to the injunction. Insurance Law article 74 is designed to provide a comprehensive and exclusive mechanism to rehabilitate insolvent insurance companies and return them to solvency (*see* Insurance Law § 7403 [a]; *cf. Matter of Knickerbocker Agency [Holz]*, 4 NY2d 245, 250 [1958]; *Matter of United Community Ins. Co.*, 226 AD2d 948, 949-950 [1996]). Petitioner is vested with broad discretion to manage and preserve the insolvent insurer's assets in an attempt to facilitate rehabilitation (*see Matter of Dinallo v DiNapoli*, 9 NY3d 94, 97 [2007]; *Matter of Callon Petroleum Co. v Superintendent of Ins. of State of N.Y.*, 53 AD3d 845, 845 [2008]; *Matter of Mills v Florida Asset Fin. Corp.*, 31 AD3d 849, 850 [2006]; *Curiale v AIG Multi-Line Syndicate*, 204 AD2d 237, 238 [1994], *lv dismissed* 84 NY2d

1026 [1995]). To further the rehabilitation scheme, courts may impose injunctions prohibiting commencement or prosecution of litigation against an insolvent insurer while rehabilitation efforts are underway (*see* Insurance Law § 7419 [b]; *Matter of Knickerbocker Agency [Holz]*, 4 NY2d at 250). Trial courts have considerable discretion concerning the scope of any such injunctions, including whether an injunction should be modified, and we will only disturb such a determination if the court abused its discretion (*see Honeywell Intl. v Freedman & Son*, 307 AD2d 518, 519 [2003]; *Matter of United Community Ins. Co.*, 226 AD2d at 950).

Here, Supreme Court did not abuse its discretion in refusing to modify the blanket injunction by making an exception for the parents' litigation. The parents rely on a New Jersey case to support their argument that the court should review each case on its unique facts and consider whether the parties would suffer a hardship (*Aly v E.S. Sutton Realty*, 360 NJ Super 214, 822 A2d 615 [2003]). That case is not binding authority in this state, nor is it persuasive because it is factually distinguishable. Even were we to apply the balancing approved of in that case, the parents failed to prove any financial emergency or need to preserve evidence which would establish a hardship; thus, there was no necessity to lift the stay imposed in the rehabilitation order (*see Hall v Michael Bello Ins. Agency, Inc.*, 379 NJ Super 599, 609-610, 880 A2d 451, 457-458 [2005]; *Aly v E.S. Sutton Realty*, 360 NJ Super at 231-232, 822 A2d at 625-626). The court's determination here rationally preserves the goals of rehabilitation by denying an exception to the injunction and permitting petitioner to exercise his business discretion to manage respondent's claims. As the parents have not shown that the court abused its discretion, we affirm (*see Matter of United Community Ins. Co.*, 226 AD2d at 950).

Cardona, P.J., Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.