■ JOHNNY STEELE, Respondent, v JOSE ESQUEA, Appellant. —Order, Supreme Court, New York County (Eugene Nardelli, J.), entered on or about June 10, 1988, which granted plaintiff-appellant's application for leave to amend his complaint to add a cause of action in negligence, unanimously affirmed, without costs.

The proposed amendment alleges no facts materially at variance with those pleaded in the original complaint. The complaint, as amplified by the bill of particulars, adequately put defendant-respondent on notice with respect to a cause of action in negligence, so that the claim to be interposed related back to the complaint for purposes of the Statute of Limitations (CPLR 203 [e]). Discovery is not yet complete and defendant has not demonstrated that he will suffer substantial prejudice. Since "at any time * * * [l]eave shall be freely given upon such terms as may be just" (CPLR 3025 [b]), the motion court did not err in its exercise of discretion. Concur— Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.

■ UNION COMMERCE LEASING CORP., Respondent, v EDWARD S. KANBAR, Appellant.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered August 30, 1988, which denied defendant's motion to vacate the filing of a foreign money judgment entered against him by the United States District Court for Southern Florida, unanimously affirmed, with costs.

Since the record establishes that the decision of the United States District Court addressed defendant's claims, including the motion to stay the enforcement of the judgment, the Supreme Court properly denied defendant's motion to vacate the filing of the judgment. Collateral attack on the ruling by the United States District Court is not permitted.

It is not necessary to reach the question of the partial satisfaction of the judgment pursuant to a 1985 stipulation since the United States Circuit Court of Appeals recently found no merit to defendant's claim (Union Commerce Leasing v Kanbar, 873 F2d 299). Since the Federal action fully encompassed the claims defendant now seeks to litigate herein, and the foreign judgment is final, its decision must be afforded full faith and credit by this court (28 USC § 1738). Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.