■ EILEEN WIESENER et al., as Coadministrators of the Estate of ALEX SADKIN, Deceased, Respondents, v AVIS RENT-A-CAR, INC., Defendant, and AMERICAN SUZUKI MOTOR CORP., Sued Herein as SUZUKI AUTOMOBILES, INC., Appellant.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 18, 1991, which denied defendant American Suzuki's motion for summary judgment dismissing the complaint and denied plaintiffs' cross-motion to stay proceedings pending completion of discovery, unanimously modified, on the law, and the cross-motion granted to the extent of permitting plaintiffs to conduct discovery limited to the question of whether American Suzuki Motor Corp. is a proper party defendant and without prejudice to renewal of its motion for summary judgment upon completion and, except as so modified, affirmed, without costs.

This action arises out of a single vehicle automobile accident on a public highway in Nassau, Bahamas. The complaint asserts that a Suzuki vehicle, in which plaintiffs' decedent was a passenger, turned over on its side, colliding with a sea wall and telephone pole, allegedly as a result of defects in the steering mechanism and in the design of the vehicle (Model SJ4 10Q). The answer states, as an affirmative defense, "The Court lacks jurisdiction over defendant by reason of improper service of process." Defendant, however, subsequently conceded that service of process was properly made on an authorized agent of American Suzuki. Upon the instant motion, American Suzuki sought dismissal of the complaint on the ground that the courts of this State do not have jurisdiction under the New York long-arm statute (CPLR 302 [a]). Supreme Court determined that this defense had been waived by reason of American Suzuki's failure to raise it in the answer.

A defense based upon the lack of personal jurisdiction is

deemed waived if the defendant fails to assert it in answering the complaint, or if the defendant fails to raise it in connection with a pre-answer motion based upon a ground set forth in CPLR 3211 (a) (CPLR 3211 [e]). Defendant, in its answer, asserted only a defense predicated upon improper service, which it later conceded to be without merit. Supreme Court therefore correctly determined that defendant's failure to assert the objection to long-arm jurisdiction in its answer is a bar to its assertion upon this motion (see, Siegel, NY Prac § 111, at 138). "The affirmative defense actually pleaded did not fairly apprise plaintiff of the objections now made" (Walden v Thagard, 67 AD2d 973, 974).

Whether American Suzuki is answerable for damages allegedly sustained by plaintiffs' decedent is an argument advanced for the first time on appeal. Moreover, the facts dispositive of this issue are peculiarly within the knowledge of defendant American Suzuki, and plaintiffs should be afforded the opportunity to conduct discovery on this question prior to any motion by American Suzuki seeking summary judgment on this ground. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.