■ Secundino Urena, Appellant, v NYNEX, Inc., et al., Defendants, and E. Laursen Maskingfabrik A/S, Respondent. (And Third-Party and Second Third-Party Actions.) [637 NYS2d 49] —Order of the Supreme Court, Bronx County (Barry Salman, J.), entered October 11, 1994 which, *inter alia*, denied plaintiff's cross-motion to dismiss the affirmative defense of lack of personal jurisdiction asserted by defendant E. Laursen Maskingfabrik A/S, unanimously reversed, on the law, and the second affirmative defense of said defendant dismissed, without costs.

Plaintiff's three right middle fingers were amputated after his hand became caught in a cable-cutting machine manufactured by defendant E. Laursen Maskingfabrik A/S ("Laursen"), a Danish Corporation. It is plaintiff's allegation that Laursen negligently manufactured the machine without providing a guard or other safety devices and without providing a warning of its dangers or instructions for its proper installation and operation.

Prior to commencement of the action against Laursen in July 1989, a copy of the summons and complaint apparently came into its possession. Laursen served an answer dated August 13, 1990 in which it did not assert that plaintiff failed to acquire personal jurisdiction under the long-arm statute (CPLR 302 [a]). Subsequent to service of the summons and complaint upon it, Laursen served a second answer dated March 26, 1991, in which it did assert both lack of in personam jurisdiction and improper service as affirmative defenses. Laursen then brought a motion to dismiss the complaint against it on these grounds. It alleged a lack of contact with the State of New York, having shipped the machine to defendant J. W. International, a South Carolina corporation, which subsequently sold the device to NYNEX for use in this State. Plaintiff submitted a cross motion to strike these affirmative defenses, submitting affidavits of proper service and contending that Laursen had waived any objection to long-arm jurisdiction by its failure to raise the issue in its first answer.

Supreme Court granted plaintiff's cross-motion to the extent of striking Laursen's affirmative defense of improper service, finding that it failed to rebut clear evidence of service in accordance with the Hague Convention. However, the court denied so much of the cross-motion as sought to strike the defense of lack of personal jurisdiction, deeming Laursen's first answer, served before it had properly been served with the complaint, to be a nullity. The court therefore concluded that Laursen was entitled to raise any and all defenses available to it in response to the properly served summons and complaint.

As this Court has observed, "a defendant who has a defense predicated on a lack of in personam jurisdiction may pursue one of two options: either litigate the issue in the main action or decline to appear and accept a default judgment, deferring litigation of the issue until a proceeding is brought to enforce the judgment and mounting a collateral attack at that time" (*Boorman v Deutsch*, 152 AD2d 48, 54, *lv dismissed* 76 NY2d 889; Siegel, NY Prac § 111, at 177 [2d ed]). In general, a "defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320 [a]). An appearance by a defendant is equivalent to personal service of the summons upon it, unless objection to jurisdiction is asserted either in a pre-answer CPLR 3211 motion or in the answer (CPLR 3211 [e]; *Wiesener v Avis Rent-A-Car*, 182 AD2d 372).

As the Court of Appeals noted in *Addesso v Shemtob* (70 NY2d 689, 690), "There is no reason to depart from the

statute's plain language even though the jurisdictional defect was asserted in a pleading made as of right in response to a complaint amended as of right by plaintiff." Similarly, where a defendant makes an appearance without having been served and without raising the objection, "he becomes a volunteer" and is subject to in personam jurisdiction (*Colbert v International Sec. Bur.*, 79 AD2d 448, 463, *lv denied* 53 NY2d 608). Contrary to Supreme Court's determination, any deficiency in the manner in which the summons and complaint first came into Laursen's possession does not render its first answer a nullity, and its failure to raise the jurisdictional issue in that answer therefore constitutes a waiver of the affirmative defense pursuant to CPLR 3211 (e) (*Boulay v Olympic Flame*, 165 AD2d 191; *Kukulka v Millard Fillmore Suburban Hosp.*, 106 AD2d 886). Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.