■ JOHN MCGOWAN et al., Appellants, et al., Plaintiff, v MAL-COLM HOFFMEISTER et al., Respondents, et al., Defendants. [792 NYS2d 381]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered December 24, 2003, which, to the extent appealed from, granted defendants Hoffmeisters' motion to amend their answer to include the affirmative defense of lack of personal jurisdiction, unanimously reversed, on the law, without costs, and the motion to amend denied.

Plaintiffs served defendants with a summons and verified complaint on or about July 7, 2003. Defendants Malcolm Hoffmeister and Joyce DiCamillo Hoffmeister answered the complaint on or about July 17, 2003. Although their answer alleged eight affirmative defenses, it failed to assert the affirmative defense of lack of personal jurisdiction. Nevertheless, on or about August 25, 2003, the Hoffmeisters moved to dismiss the complaint on the grounds that the court lacked personal jurisdiction.

However meritorious the affirmative defense might have been, the law is settled that a jurisdictional defense not asserted in the first responsive pleading, whether answer or preanswer dismissal motion pursuant to CPLR 3211, is waived (CPLR 3211 [e]; *Addesso v Shemtob*, 70 NY2d 689 [1987]). By appearing in the action and electing to answer the complaint without an objection to jurisdiction, defendants conferred jurisdiction upon the court and waived the defense (*see Urena v NYNEX, Inc.*, 223 AD2d 442 [1996]; *Wiesener v Avis Rent-A-Car, Inc.*, 182 AD2d 372 [1992]).

While permission to amend an answer is to be freely given pursuant to CPLR 3025 (b), the waiver of a *jurisdictional* defense cannot be nullified by a subsequent amendment to a pleading adding the missing affirmative defense. While this Court, in *Ficorp, Ltd. v Gourian* (263 AD2d 392, 393 [1999], *lv denied in part and dismissed in part* 94 NY2d 889 [2000]), authorized the amendment of an answer to add a nonjurisdictional defense which would otherwise be deemed waived pursuant to CPLR 3211 (e), the decision specifies that this procedure is only permissible because the defense at issue, release, was a nonjurisdictional defense. Concur—Mazzarelli, J.P., Saxe, Ellerin, Williams and Sweeny, JJ.