(March 14, 2006)

■ In the Matter of the Rehabilitation of FRONTIER INSURANCE COMPANY. CALLON PETROLEUM, Appellant, v NEW YORK STATE DEPARTMENT OF INSURANCE, as Rehabilitator of Frontier Insurance Company, Respondent. [813 NYS2d 56]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 29, 2004, granting appellant renewal, which, to the extent appealed from as limited by the briefs, adhered to the determination in a prior order, entered on or about February 3, 2003, which denied appellant's motion to rule that appellant's claim is now liquidated and to fix the value of its claim on a performance bond issued by Frontier Insurance Company at $2,700,000, now in rehabilitation, unanimously reversed, on the law, without costs, and appellant's motion granted.

In assigning mineral leases, Callon Petroleum required the lessee to agree to cap certain oil and gas wells and obtain a $2.7 million performance bond from Frontier Insurance. When the lessee failed to cap those wells, Callon sued Frontier on the bond in May 2001 in United States District Court in Louisiana. On August 17, 2001, Callon moved for summary judgment in that action. On August 27, the Superintendent of Insurance commenced the instant proceeding for rehabilitation of Frontier, and obtained a temporary restraining order (TRO) that restrained Frontier from the "transaction of its business" and the waste or disposition of its property, but did not expressly stay any litigation. Frontier's attorneys thereafter did not submit any opposition papers in the federal action, claiming they were restrained from so doing by the TRO in this proceeding. Callon's motion was granted and judgment was entered in its favor in the federal action on September 6. A permanent or-

der of rehabilitation was signed in the instant proceeding on October 10 and only then included language restraining "all persons" from litigating against Frontier or the Superintendent of the New York State Department of Insurance. On October 16, Callon provided the Superintendent with a copy of the September federal judgment. In November 2002 the Superintendent moved in United States District Court in Louisiana to vacate the judgment, asserting that Frontier had been restrained by the August 2001 TRO from opposing Callon's motion for summary judgment. The Superintendent's vacatur motion was denied and such denial was subsequently affirmed (*Callon Petroleum Co. v Frontier Ins. Co.*, 351 F3d 204 [5th Cir 2003]). Since we find that the IAS court failed to give the federal judgment full faith and credit, we reverse and grant Callon the relief it sought to fix the value of its claim and to rule such claim liquidated.

We start, as we must, from the basic premise that New York courts must give full faith and credit to a federal court judgment (*see Garvin v Garvin*, 302 NY 96, 103 [1951]; *Union Commerce Leasing Corp. v Kanbar*, 155 AD2d 396 [1989]). Frontier appeared in the federal action, and thus there is no issue of personal jurisdiction. The federal judgment was rendered on the merits because, not having raised a jurisdictional defense in its answer in federal court, Frontier waived it (*see Travelers Ins. Co. v Underwriting Members of Lloyds's of London*, 240 AD2d 278, 279 [1997]). A plain reading and comparison of the TRO and the permanent injunction entered in the instant action demonstrate that Frontier was not precluded from defending itself on the summary judgment and therefore, the federal courts were correct that nothing precluded the District Court from entering judgment in favor of Callon.

Insurance Law § 7419 provides for injunctions with respect to proceedings involving delinquent insurers such as Frontier. While subdivision (b) authorizes temporary and permanent restraint of litigation, such a restraint was not included in the temporary restraining order. The temporary restraining order in this action did not preclude Frontier's attorneys from interposing any defense on Callon's summary judgment motion; such a restraint was only included later in the permanent order, entered after Callon had prevailed on its summary judgment motion and obtained judgment. There is no statutory automatic stay of litigation in rehabilitation, as is provided for insurer insolvency and federal bankruptcy proceedings. The IAS court impermissibly read the TRO broadly to restrain conduct not expressly identified in the order (*see Matter of Levin v National*

*Colonial Ins. Co.*, 1 NY3d 350, 360 [2004]). Frontier defaulted on Callon's summary judgment motion; nothing in this proceeding or the Insurance Law provides relief from the consequences of such default.

While the Superintendent has raised a series of other arguments in support of the IAS court's order, we find them to be meritless and beside the critical point of the deference which a court must afford the judgment of another court once found to be entitled to full faith and credit. "So long as jurisdiction has been obtained, a defendant's default in the rendering [jurisdiction] will not nullify the res judicata effect of the judgment and the full faith and credit doctrine still applies" (*Ionescu v Brancoveanu*, 246 AD2d 414, 416 [1998]). Concur—Buckley, P.J., Mazzarelli, Marlow and Sullivan, JJ. [*See* 6 Misc 3d 291 (2004).]