■ BUCKEYE RETIREMENT CO., L.L.C., LTD., Appellant, v WILLIAM G. LEE, III, Respondent. [837 NYS2d 641]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered June 8, 2006, which denied plaintiff's motion for summary judgment in lieu of complaint and dismissed the action, without prejudice, reversed, on the law, with costs, the motion granted and the matter remanded for further proceedings, including a determination of the amount of interest.

In 1990, a default judgment was entered in Florida in favor of plaintiff's predecessor in interest and against defendant in the amount of $8,658.69. In 2006, plaintiff moved, pursuant to CPLR 3213 for summary judgment in lieu of complaint, to domesticate that judgment, and sought interest at the rate of 12% per year. Although defendant did not respond, Supreme Court denied the motion because it could not determine (1) whether there was personal jurisdiction in the underlying Florida default judgment against defendant, a nonresident of Florida; (2) the Florida statute of limitations applicable to the enforcement of judgments; or (3) the basis for New York's personal jurisdiction over defendant, then a Nevada resident.

The Full Faith and Credit Clause of article IV of the United States Constitution requires the courts of New York to enforce judgments rendered in other states, and precludes inquiry into the merits of the judgment (*see Fauntleroy v Lum*, 210 US 230 [1908]). While lack of personal jurisdiction is a defense to enforcement of a sister state's judgment (*see JDC Fin. Co. I v*

*Patton*, 284 AD2d 164, 166 [2001]), lack of personal jurisdiction and the statute of limitations are affirmative defenses that are waived unless raised by the aggrieved party (*see Yihye v Blumenberg*, 260 AD2d 371 [1999], *lv denied* 93 NY2d 813 [1999] [personal jurisdiction]; *McGowan v Hoffmeister*, 15 AD3d 297 [2005] [personal jurisdiction]; *Fade v Pugliani/Fade*, 8 AD3d 612, 614 [2004] [statute of limitations]). Accordingly, Supreme Court should not have raised them sua sponte.

We remand to Supreme Court to calculate the amount of interest, based on the New York rate (*see Wells Fargo & Co. v Davis*, 105 NY 670 [1887]; *De Nunez v Bartels*, 264 AD2d 565, 566 [1999]). Concur—Nardelli, J.P., Williams and Buckley, JJ.

Catterson and McGuire, JJ., concur in a separate memorandum by McGuire, J., as follows: I agree that the order appealed from should be reversed, the motion granted and the matter remanded for a determination of the amount of interest. I write separately because I would make clear that we are not deciding the issue of whether, in a proceeding to enforce a foreign judgment, there are circumstances under which a trial court properly may raise sua sponte the issue of personal jurisdiction or statute of limitations. Assuming without deciding that there are such circumstances, at the least there would have to be some basis in the record for raising one or both of these issues. Here, no such basis exists and Supreme Court should not have raised either issue sua sponte.