■ SUNG HWAN CO., LTD., Respondent-Appellant, v RITE AID CORPORATION, Appellant-Respondent. [847 NYS2d 78]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 21, 2007, awarding plaintiff the amount of $9,220,551.26 pursuant to an order, same court and Justice, entered May 10, 2007, which granted plaintiff's motion for summary judgment seeking recognition and enforcement of a default judgment entered in its favor against defendant (Rite Aid) in the District Court of Seoul, South Korea, unanimously

reversed, on the law, without costs, the judgment vacated, and the matter remanded for further proceedings consistent herewith. Appeal from the May 10, 2007 order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Granting summary judgment to plaintiff was improper in this action where plaintiff seeks enforcement of a 2001 judgment that was entered on default in Korea. The action has been the subject of several motions and appeals, with the Court of Appeals most recently reinstating the complaint on the basis that the Korean court's exercise of personal jurisdiction over Rite Aid was entitled to comity and satisfied the requirements of CPLR 302 (a) (3) (7 NY3d 78 [2006]). Following the issuance of the Court of Appeals' decision, plaintiff brought the instant motion to enforce the foreign judgment pursuant CPLR 3212 and CPLR article 53.

Contrary to the reasoning of the motion court, Rite Aid was not required to move to vacate the default judgment in the Korean court or to contest jurisdiction in that court since "New York courts will readily reexamine jurisdictional issues in cases where the foreign judgment was entered on a default" (*Nippon Emo-Trans Co., Ltd. v Emo-Trans, Inc.*, 744 F Supp 1215, 1227 [ED NY 1990]). Nor did the Court of Appeals, in reinstating the complaint, resolve all jurisdictional issues in plaintiff's favor. Rather, the Court of Appeals' decision was limited to the propriety of the assertion of long-arm jurisdiction under CPLR 302 (a) (3), and did not address the separate corporate status defense asserted by Rite Aid in opposing the instant motion. In fact, the Court expressly stated that "[f]or purposes of this motion to dismiss, Rite Aid's status as a separate legal entity is not at issue" (7 NY3d at 81 n 1).

The record evidence establishes that Rite Aid has preserved the separate corporate status defense. Rite Aid raised this defense in opposing plaintiff's prior motion for summary judgment pursuant to CPLR 3213, and that motion was denied, in part, because there were triable issues of fact regarding the nature of the corporate relationship between Rite Aid and its affiliate. Notably, this ruling was never appealed and has been left undisturbed. The court further directed plaintiff to serve a formal complaint and Rite Aid to answer the complaint. Plaintiff served a complaint and subsequently an amended complaint and in its answers, Rite Aid asserted the defense of lack of personal jurisdiction (CPLR 5304 [a] [2]). Nor did Rite Aid waive the defense of its separate corporate status when it failed to raise the issue when moving to dismiss the amended complaint

(see *Crook v E.I. du Pont de Nemours Co.*, 181 AD2d 1039 [1992], *affd* 81 NY2d 807 [1993]). Based on the prior finding that there were triable issues regarding the separate corporate status of Rite Aid, it understandably moved for dismissal on different grounds. Furthermore, inasmuch as Rite Aid is objecting to the Korean court having jurisdiction over it in the Korean action under CPLR 5304 (a) (2), and not questioning whether New York courts have jurisdiction over it pursuant to CPLR 3211 (a) (8), CPLR 3211 (e) does not apply.

Finally, although the judgment is being vacated and the matter remanded for further proceedings, it is noted that the court properly applied New York's statutory 9% postjudgment interest rate to the Korean judgment (see *Buckeye Retirement Co., L.L.C., Ltd. v Lee*, 41 AD3d 183 [2007]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ. [*See* 16 Misc 3d 1104(A), 2007 NY Slip Op 51263(U).]