■ In the Matter of INTERBORO INSURANCE COMPANY, Appellant, v MANUEL A. CORONEL et al., Respondents. [863 NYS2d 448]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of uninsured motorist claims, the petitioner appeals from an order of the Supreme Court, Queens County (Rios, J.), entered October 19, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

The petitioner commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of uninsured motorist claims on the ground, among others, that the accident was not a covered accident under the uninsured motorists endorsement of the petitioner's policy. The Supreme Court denied the petition, concluding that the proceeding was untimely commenced pursuant to CPLR 7503 (c). We disagree.

On March 11, 2001, the respondents Nancy M. Coronel, Nancy G. Coronel, Patricia C. Coronel, and Sandra Coronel were involved in an automobile accident on the Grand Central Parkway while riding in a motor vehicle owned by the respondent Manuel A. Coronel and operated by the respondent Patricia C. Coronel (hereinafter the respondents' vehicle). The respondents' vehicle was insured under a policy of insurance issued by the petitioner to Manuel A. Coronel.

The respondents' vehicle rear-ended a motor vehicle owned by nonparty Angelo Langadakis and operated by nonparty Katherine Langadakis (hereinafter the Langadakis vehicle). The drivers in both vehicles reported to the police officer who responded to the accident that the Langadakis vehicle was cut off by another unidentified vehicle (hereinafter the allegedly uninsured vehicle), causing the Langadakis vehicle to stop short. The respondent Patricia C. Coronel reported that she was unable to stop her vehicle when the Langadakis vehicle stopped short, causing her to rear-end the Langadakis vehicle. Neither driver reported, nor was any other evidence proffered demonstrating, that there was any physical contact between the allegedly uninsured vehicle and either the Langadakis vehicle or the respondents' vehicle.

It is undisputed that when a demand for arbitration was served on the petitioner's predecessor-in-interest, Interboro Mutual Indemnity Insurance Company (hereinafter Interboro), in September 2005 (hereinafter the 2005 demand), Interboro was in rehabilitation pursuant to an order of the Supreme Court, Nassau County, dated April 5, 2004. Notably, the rehabilitation order contained a provision enjoining and restraining "[a]ll persons . . . from commencing or prosecuting any actions, lawsuits, or proceedings against Interboro, or the Superintendent [of Insurance of the State of New York] as Rehabilitator" (hereinafter the rehabilitation stay) (*see generally* Insurance Law § 7419; *Matter of Frontier Ins. Co.,* 27 AD3d 274, 274-275 [2006]). In February 2007 the petitioner emerged from rehabilitation and the rehabilitation stay was lifted.

The respondent American Arbitration Association (hereinafter the AAA) received a copy of the 2005 demand on June 25, 2007. On July 25, 2007, the AAA sent a notice (hereinafter the July 2007 notice) to the petitioner advising it of a pre-hearing telephone conference scheduled for September 4, 2007, in connection with the subject arbitration. Within 20 days of its receipt of the July 2007 notice, the petitioner commenced this proceeding.

As a threshold matter, contrary to the respondents' contention and the Supreme Court's determination, the instant petition was timely. An insurer which fails to seek a stay of arbitration within 20 days after being served with a notice of intention or demand to arbitrate under CPLR 7503 (c) is generally precluded from objecting to the arbitration thereafter (*see Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082, 1084 [1996]; *Matter of Spychalski [Continental Ins. Cos.],* 45 NY2d 847, 849 [1978]; *Matter of State Farm Ins. Co. v Williams,* 50 AD3d 807, 808 [2008]; *Matter of Standard Fire Ins. Co. v Mouchette,* 47 AD3d 636 [2008]; *Matter of Travelers Prop. Cas. Corp. v Klepper,* 275 AD2d 234 [2000]). Under the circumstances of this case, however, since the petitioner was subject to the rehabilitation stay at the time the 2005 demand was served on it, its commencement of this proceeding within 20 days of the petitioner's receipt of the July 2007 notice, in effect, constituted compliance with the limitations period set forth in CPLR 7503 (c).

Moreover, the Supreme Court should have granted the petition, inter alia, to permanently stay the arbitration because the record was devoid of any proof of physical contact between the two vehicles involved in the accident and the allegedly uninsured vehicle (*see generally* Insurance Law § 5217; *Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325, 329 [1991]; *Matter of*

*Smith [Great Am. Ins. Co.],* 29 NY2d 116, 118 [1971]; *Matter of Eagle Ins. Co. v Brown,* 309 AD2d 749 [2003]).

The parties' remaining contentions need not be reached in light of our determination. Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.