■ Sung Hwan Co., Ltd., Appellant, v Rite Aid Corporation, Respondent. [942 NYS2d 84]—

Amended judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 22, 2011, dismissing the complaint and awarding costs to defendant in the

amount of $66,677.52, and bringing up for review an order, same court (Richard B. Lowe III, J.), entered February 3, 2011, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's motion for recognition and enforcement of a default judgment entered in its favor against defendant by the District Court of Seoul, Republic of Korea, unanimously reversed, on the law, with costs, and the judgment vacated. Appeal from judgment, same court (Richard B. Lowe III, J.), entered March 21, 2011, dismissing the complaint and awarding costs to defendant in the amount of $450, unanimously dismissed, without costs, as superseded by the appeal from the amended judgment. Appeal from order, same court (Shirley Werner Kornreich, J.), entered May 31, 2011, which granted defendant's motion to tax plaintiff with costs, unanimously dismissed, without costs, as subsumed in the appeal from the amended judgment.

The record presents a triable issue of fact whether defendant owned the ice cream plant that manufactured and sold listeria-tainted ice cream to the plaintiff, which would provide a basis for Korea's exercise of personal jurisdiction over defendant (see 7 NY3d 78, 81 n 1, 84 [2006]). Defendant submitted evidence in support of its claims that the plant was owned by its subsidiary Thrifty Payless, Inc. (TPI). Plaintiff submitted evidence that defendant owned the plant directly. Plaintiff's evidence included the following: defendant's 10-K forms for the years following its merger with TPI, which stated that defendant itself—not a subsidiary—owned the ice cream plant; a Los Angeles Tax Assessor's form identifying defendant as an owner of the plant; that defendant had designated the plant as its ice cream division and as distribution center No. 61 and that the signs on the ice cream plant and its trucks stated that the plant was a division of defendant; the plant general manager's testimony that, among other things, he reported to defendant's senior vice president following the merger and never again reported to anyone at TPI; that in 1997 the senior vice president began being paid by defendant; that he was designated as "Director/Plant Manager, Dist Center—00061, Rite Aid Corporation"; and finally that, when he learned of the claim of listeria contamination, he contacted defendant's executives.

Although we are vacating the judgment, we note that the court correctly granted defendant's application to tax plaintiff with the expenses defendant incurred in securing an undertaking to stay enforcement of the judgment entered in this case in 2007, which we reversed (see CPLR 8301 [a] [11]; 46 AD3d 288 [2007]). Concur—Mazzarelli, J.P., Catterson, DeGrasse, Manzanet-Daniels and Román, JJ.