# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**23**
**CA 16-01251**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

CHARLES R. FOTHERINGHAM, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

RIVERSOURCE LIFE INSURANCE CO. OF NEW YORK,
FORMERLY KNOWN AS IDS LIFE INSURANCE OF NEW YORK,
AND AMERIPRISE FINANCIAL SERVICES, INC., FORMERLY
KNOWN AS AMERICAN EXPRESS FINANCIAL ADVISORS, INC.,
DEFENDANTS-RESPONDENTS.

---

JAMES I. MYERS, PLLC, WILLIAMSVILLE (JAMES I. MYERS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (JOANNA J. CHEN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered January 25, 2016. The order granted defendants' cross motion to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In 1997, plaintiff and his now-deceased wife consulted with an agent and registered representative of defendants Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc. (Ameriprise), and Riversource Life Insurance Co. of New York, formerly known as IDS Life Insurance of New York (Riversource), to discuss their investment planning. The agent advised plaintiff and his wife to purchase a variable universal life insurance policy from Riversource (Policy). From 1997 until 2014, the premiums and cost for the Policy rose to the point that the monthly premiums were over $4,000. In 2014, plaintiff terminated the policy, at which time his investment accounts were worth half of the original amount invested with Ameriprise. Plaintiff commenced this action asserting causes of action for, inter alia, fraud, negligence and breach of fiduciary duty. In his complaint, plaintiff alleged that defendants' agent and representative made false and misleading representations about the Policy, made unsuitable recommendations concerning the Policy and violated defendants' duty of care in recommending that plaintiff purchase the Policy.

Fifteen years before this action was commenced, a class action was commenced in Federal District Court in Minnesota based on the

Policy.  That action was settled, and the September 18, 2000 Stipulation of Settlement (Settlement), which was incorporated into the May 15, 2001 "Final Order and Judgment Approving Class Action Settlement and Dismissing Complaint" (Judgment), contained a broad waiver and release provision.

Before answering the complaint herein, defendants moved to enforce the Settlement and Judgment in the United States District Court for the District of Minnesota, contending that plaintiff should be enjoined from proceeding with the New York State litigation. Defendants also moved, in Supreme Court, to dismiss the complaint, contending, inter alia, that plaintiff's claims were barred by the express terms of the class action Settlement and Judgment and, alternatively, they sought a stay pending the outcome of the federal enforcement action.  Supreme Court granted the alternative relief sought, and stayed the state action.  Ultimately, in ruling on defendants' motion "for an order to enforce the settlement and bar the New York action" (enforcement order), the District Court found that plaintiff had received adequate notice of the class action lawsuit and Settlement and that his claims rested on conduct that had occurred during the class period.  The District Court further found that plaintiff's claims were, "at the very least, . . . 'based upon, related to, or connected with, directly or indirectly, in whole or in part' the misrepresentations made [during the Class Period]" and that they "did not independently arise out of any circumstances that first occurred after the close of the Class Period."  As a result, the District Court granted defendants' motion to enforce the Settlement and enjoin plaintiff's state court action.  Plaintiff did not take an appeal from that order or move to reargue in the District Court.

Plaintiff then moved, in Supreme Court, to lift the stay and for leave to amend the complaint, contending that the enforcement order, "if enforced[,] would deny [plaintiff's] due process rights to pursue his remedies in his state of residence."  Defendants cross-moved to dismiss the complaint on the ground that plaintiff's claims were barred by the Settlement and Judgment in the class action lawsuit. Supreme Court granted defendants' cross motion, finding that the waiver and release provisions of the class action Settlement and Judgment encompassed all of plaintiff's claims in this matter.  We now affirm.

Contrary to plaintiff's contention, the District Court had jurisdiction over plaintiff.  Plaintiff was a class member in the class action by virtue of the fact that he was afforded the requisite notice and neither opted out nor sought to be excluded from the Settlement (see *Phillips Petroleum Co. v Shutts*, 472 US 797, 811-812; *Matter of American Express Fin. Advisors Sec. Litig.*, 672 F3d 113, 129), and plaintiff does not allege that the named parties did not adequately represent the absent class (see generally *Phillips Petroleum Co.*, 472 US at 808).  Moreover, the Settlement and Judgment in the class action gave the District Court continued jurisdiction over class members as well as "all matters relating to the . . . enforcement and interpretation of the Settlement Agreement and . . . Judgment," including "resol[ution of] any disputes, claims or causes

of action that, in whole or in part, are related to or arise out of the Settlement . . . [and] Judgment (including . . . whether claims or causes of action allegedly related to this case are or are not barred by this . . . Judgment)."

Plaintiff contends that the enforcement order violates the Anti-Injunction Act (28 USC § 2283). We reject that contention. The District Court's enforcement order is necessary "to protect or effectuate" the District Court's class action Judgment (*id.*), and the relitigation exception of the Anti-Injunction Act authorizes the enforcement order in this case because plaintiff's claims were " 'presented to and decided by the federal court' " (*Smith v Bayer Corp.*, 564 US 299, 306). Here, "preclusion is clear beyond peradventure" (*id.* at 307).

Plaintiff further contends that the enforcement order violates the All Writs Act (28 USC § 1651 [a]). We again reject that contention and conclude that the District Court was authorized to issue "all writs necessary or appropriate in aid of [its] respective jurisdiction[]" (*id.; see American Express Fin. Advisors Sec. Litig.*, 672 F3d at 141 n 20; *Thompson v Edward D. Jones & Co.*, 992 F2d 187, 189).

Inasmuch as this Court must "give full faith and credit to [the] federal court [enforcement order]" (*Matter of Frontier Ins. Co.*, 27 AD3d 274, 275, *lv denied* 7 NY3d 713; *see Stoll v Gottlieb*, 305 US 165, 170-171, *reh denied* 305 US 675; *Garvin v Garvin*, 302 NY 96, 103), from which no appeal was taken, we conclude that Supreme Court properly granted defendants' cross motion to dismiss the complaint.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court