Matter of New York City Asbestos Litig. (2019 NY Slip Op 04777)





Matter of New York City Asbestos Litig.


2019 NY Slip Op 04777


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Gische, J.P., Webber, Kahn, Kern, JJ.


9664 190187/15

[*1]In re New York City Asbestos Litigation
Kristian Nichole Gibson, as Executrix for the Estate of Wayne Gibson, Plaintiff-Respondent,
v
Air & Liquid Systems Corporation, etc., et al., Defendants, Mack Trucks, Inc., Defendant-Appellant.


Maimone & Associates, PLLC, Port Washington (Thomas J. Maimone of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Alani Golanski of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 27, 2018, which denied defendant Mack Trucks, Inc.'s motion to dismiss the complaint and all cross claims as against it for lack of personal jurisdiction, unanimously affirmed, without costs.
The court properly denied defendant's motion to dismiss the complaint based upon a lack of personal jurisdiction. The defense was forfeited by not denying general jurisdiction with specificity in the answer (see Buckeye Retirement Co., L.L.C., Ltd. v Lee, 41 AD3d 183, 184 [1st Dept 2007]; McGowan v Hoffmeister, 15 AD3d 297 [1st Dept 2005]).
A party seeking dismissal on the grounds that the court does not have personal jurisdiction over it waives such objection if it is not raised in a responsive pleading or if the party, having previously moved for dismissal, failed to raise an objection to personal jurisdiction (CPLR 3211[a],[e]; see also McGowan v Hoffmeister, 15 AD3d 297 [1st Dept 2005]). The latter is not applicable here. Rather, the defendant argues that it asserted a defense of lack of personal jurisdiction in its answer, and thus preserved the issue for adjudication in its present motion.
Personal jurisdiction is not an element of a claim, and matters that are not elements need not be pleaded in the complaint (see US Bank N.A. v Nelson, 169 AD3d 110, 114 [2d Dept 2019]). Where the plaintiff has not alleged facts specifically addressing the issue of personal jurisdiction in its complaint, the defendant must assert lack of personal jurisdiction as an affirmative defense in order to give plaintiff notice that it is contesting it (see CPLR 3018). Where the plaintiff elects to allege facts specifically addressing the issue of personal jurisdiction in its complaint, the defendant's denial of those allegations may be sufficient to preserve defendant's jurisdictional defense (see Green Bus Lines v Consolidated Mut. Ins. Co., 74 AD2d 136, 143 [2d Dept 1980]).
In this case, while defendant's denial of specific jurisdiction was sufficient to preserve its defense, its claimed denial of general jurisdiction was insufficiently specific to preserve its defense. Accordingly, defendant waived its defense that the court lacked general jurisdiction over it.
The specific allegations of plaintiff's complaint paragraph three track, almost verbatim, the language of personal jurisdiction in CPLR 302, which provides the bases for specific jurisdiction. Defendant's denial of these allegations is sufficient to provide notice to plaintiff [*2]that it is contesting specific jurisdiction.
The allegations of plaintiff's complaint paragraphs 83 and 84 purport to establish a basis for general jurisdiction. They were not denied by defendant, rather defendant admitted them to the extent that it "is a duly organized foreign corporation doing business in New York . . ." This answer, interposed in 2004, before the Supreme Court's ruling in Daimler AG v Bauman, 571 US 117 (2014), would have provided a basis for general jurisdiction. It, therefore, does not qualify as a specific denial that would have put plaintiff on notice that the defendant is contesting general jurisdiction. Defendant's failure to clearly provide an objection to general jurisdiction in its answer waived the defense and conferred jurisdiction upon the court (McGowan v Hoffmeister, 15 AD3d 297 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK