Good Gateway, LLC v Thakkar (2019 NY Slip Op 09369)





Good Gateway, LLC v Thakkar


2019 NY Slip Op 09369


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


160660/16  10647B 10647A 10647

[*1]10647E Good Gateway, LLC, et al., Plaintiffs-Respondents,
v
Rohan Thakkar, Defendant-Appellant.


Mayer Brown, LLP, New York (Henninger Bullock of counsel), for appellant.
Strassberg & Strassberg, P.C., New York (Todd Strassberg of counsel), for respondents.



Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered April 17, 2019, awarding plaintiffs a sum of money against defendant, unanimously affirmed, with costs. Appeals from orders, Supreme Court, New York County (Paul A. Goetz, J.; Philip S. Straniere, J.H.O.), entered February 7, 2019, on or about March 26, 2019, on or about April 8, 2019, on or about April 16, 2019, and April 30, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant waived his defense of lack of personal jurisdiction by failing to raise it until after he had filed a notice of appearance, attended numerous court conferences, consented to a "hear and determine" damages inquest, and cross-examined a witness at the inquest, following the grant of plaintiffs' motion for a default judgment against him (see CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 225-226 [2003], cert denied 540 US 948 [2003]; Urena v NYNEX, Inc., 223 AD2d 442, 443 [1st Dept 1996]; see also Matter of Fry v Village of Tarrytown, 89 NY2d 714, 720 n 2 [1997] ["service of process can be waived by respondent simply by appearing in the proceeding and submitting to the court's jurisdiction"]).
In moving to vacate his default, defendant failed to demonstrate a meritorious defense. As this Court determined on an appeal from the order that decided plaintiffs' motion for a default judgment, under the circumstances in which defendant's father executed a document forgiving a debt of $2,720,849.63 owed him by defendant, the debt forgiveness was a conveyance made with actual intent to hinder or delay creditors, including plaintiffs, who obtained final judgments in the amount of $14.5 million against him in a Florida lawsuit (Good Gateway, LLC v Thakkar, 163 AD3d 449 [1st Dept 2018]). We set aside the loan forgiveness document and remanded for a hearing on the appropriate remedy.
Defendant's assertion that his father was solvent at the time of the transfer fails to establish a meritorious defense. As a preliminary matter, solvency is merely one badge of fraud to be considered; on the prior appeal, this Court found numerous badges of fraud in the documentary evidence (Thakkar, 163 AD3d at 449, citing General Elec. Co. v Chuly Intl., LLC, 118 So 3d 325, 328 [Fla Dist Ct App 2013]; Fla Stat § 726.105).
Moreover, in support, defendant offered only a conclusory affidavit by his father asserting that he was worth $142 million as of December 2012, the time of the debt forgiveness, and attaching personal financial statements. This evidence is questionable on its face. It does not show who prepared the personal financial statements. However, even assuming their accuracy, the statements show that the majority of the $142 million consisted of real estate assets owned by corporations in which there is no evidence that defendant's father had any ownership interest. [*2]The statements also show that $24 million in liabilities disappeared from March 2012 to December 2012 and that defendant's father holds securities valued at more than $30 million. However, no explanation is provided for the disappearance of the liabilities, and no list of the securities defendant's father purports to hold is attached.
We have considered defendant's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK