Wells Fargo Bank, N.A. v Sewer (2020 NY Slip Op 05170)





Wells Fargo Bank, N.A. v Sewer


2020 NY Slip Op 05170


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. Index 850001/10 Appeal No. 11273 Case No. 2018-103 

Before: Friedman, J.P., Kapnick, Oing, González, JJ. 


[*1]Wells Fargo Bank, N.A., Etc., Plaintiff-Appellant,
v
Douglas E. Sewer, etc., Defendant-Respondent. Advantage Assets II Inc., et al., Defendants.


Hogan Lovells US LLP, New York (Richard A. Sillett of counsel), for appellant.
Law Office of Julio E. Portilla, P.C., New York (Julio E. Portilla of counsel), for respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 7, 2017, which denied plaintiff's motion for a final judgment of foreclosure and sale, and granted defendant Sewer's cross motion to vacate an order, same court and Justice, entered on or about February 3, 2015, which, inter alia, had granted plaintiff's motion for summary judgment, on the condition that Sewer file and serve a new answer no later than March 27, 2017, unanimously reversed, on the law, the motion granted and the cross motion denied, without costs. The clerk is directed to enter judgment accordingly.
Defendant's appearance in this action, by counsel, via service of an answer to the amended complaint asserting counterclaims but no jurisdictional defense, waived his subsequently asserted defense of lack of personal jurisdiction (see Urena v NYNEX, Inc., 223 AD2d 442 [1st Dept 1996]; McGowan v Hoffmeister, 15 AD3d 297 [1st Dept 2005]; Deutsch Bank Natl. Trust Co. v Ned, 114 AD3d 524 [1st Dept 2014]). Accordingly, defendant's motion to vacate must be denied insofar as it is based on lack of personal jurisdiction (CPLR 5015[a][4]). Because defendant voluntarily submitted to the court's jurisdiction, the alleged inaccuracies in the filed affidavits of service do not support vacatur of the prior summary judgment motion pursuant to CPLR 5015(a)(3).
As defendant has raised no objection to the referee's report of the amount due on the mortgage, we grant plaintiff's motion for a final judgment of foreclosure and sale. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020