IOU Cent. Inc. v Soundview Petroleum, Inc. (2025 NY Slip Op 50002(U))

[*1]

IOU Cent. Inc. v Soundview Petroleum, Inc.

2025 NY Slip Op 50002(U)

Decided on January 6, 2025

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2025
Supreme Court, Bronx County

IOU Central Inc. d/b/a IOU FINANCIAL INC., Plaintiff,

against
Soundview Petroleum, Inc. and MAGED MABROUK, Defendants.

Index No. 811936/2024E

Ashlee Crawford, J.

Plaintiff IOU Central Inc. d/b/a IOU Financial Inc. moves pursuant to CPLR 3213 for summary judgment in lieu of complaint to domesticate a default judgment entered in Superior Court of Cobb County, Georgia, in favor of plaintiff and against defendants Soundview Petroleum, Inc. and Maged Mabrouk, jointly and severally. The motion is unopposed.
In the Georgia action, plaintiff sought to recover from defendants following their default on a promissory note issued in connection with a commercial loan. The Georgia judgment, entered December 7, 2023, awards plaintiff the following sums: principal of $49,978.45; loan guaranty fees of $8,550.00; accrued interest of $3,279.98 through August 29, 2023, and continuing to accrue thereafter at the rate of 9.250% per year (or $12.67 per day) until the date of judgment; post-judgment interest at the rate of 9.250% per year plus 5%; non-sufficient funds fees of $50.00; statutory attorneys' fees of $9,032.84 pursuant to O.C.G.A. § 13-1-11; and costs of the Court (NYSCEF Doc. 4 [Ex 1 to Berger Affirm., Georgia Judgment]).
CPLR 3213 provides that "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." "The purpose of CPLR 3213 is to provide quick relief on documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless" (SpringPrince, LLC v Elie Tahari, Ltd., 173 AD3d 544, 545 [1st Dept 2019] [citation and quotation marks omitted]). "The statute allows a plaintiff an expedited procedure for entry of a judgment by filing and service of a summons and a set of motion papers that contain sufficient evidentiary detail for the plaintiff to establish entitlement to summary judgment" (Sea Trade Mar. Corp. v Coutsodontis, 111 AD3d 483, 484 [1st Dept 2013]).
"The Full Faith and Credit Clause of article IV of the United States Constitution requires the courts of New York to enforce judgments rendered in other states, and precludes inquiry into the merits of the judgment" (Buckeye Retirement Co., L.L.C., Ltd. v Lee, 41 AD3d 183, 183 [1st Dept 2007]). "While lack of personal jurisdiction is a defense to enforcement of a sister state's judgment, lack of personal jurisdiction and the statute of limitations are affirmative defenses that are waived unless raised by the aggrieved party" (id. at 183-184 [citations omitted]). "So long as jurisdiction has been obtained, a defendant's default in the rendering State will not nullify the res [*2]judicata effect of the judgment and the full faith and credit doctrine still applies" (Ionescu v Brancoveanu, 246 AD2d 414, 416 [1st Dept 1998]; see Juliani v Nahorai, 59 AD3d 300 [1st Dept 2009]; In re Rehabilitation of Frontier Ins. Co., 27 AD3d 274, 276 [1st Dept 2006], lv denied 7 NY3d 713 [2006]).
"As a general rule, to establish its prima facie entitlement to judgment as a matter of law in an action upon a judgment, a plaintiff must produce an authenticated or exemplified copy of a judgment entered in its favor and against the defendant, and make a showing that the judgment has not been satisfied in whole or in part" (Mortimer Offshore Services Ltd. v Manufacturas Orgas Ltda, 2019 Slip Op. 30720[U], *1 [Sup Ct, NY Co 2019][Bannon, J.], citing Madjar v Rosa, 83 AD3d 1011 [2d Dept 2011]). "The plaintiff must also show that the defendant was properly served with the summons and motion papers in the instant action" (id., citing TCA Global Credit Master Fund, L.P. v Puresafe Water Systems, Inc., 151 AD3d 1098,1099-1100 [2d Dept 2017]).
Here, plaintiff established its entitlement to recognition and enforcement of the Georgia judgment against defendants, by providing an exemplified copy of the judgment; an affirmation of plaintiff's Vice President of Loss Mitigation, Jason Stevens, who states that defendants have made no payments on the judgment; and proof of service of the motion and additional notices on defendants. Accordingly, it is hereby
ORDERED that plaintiff's motion for summary judgment in lieu of complaint is GRANTED without opposition; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff, IOU Central Inc. d/b/a IOU Financial Inc., and against defendants Soundview Petroleum Inc. and Maged Mabrouk, in the sum of $70,891.27, with pre-judgment interest to be calculated at 9.25% per annum from December 7, 2023, plus costs and disbursements as taxed by the Clerk of the Court; and it is further
ORDERED that plaintiff shall serve a copy of this order with notice of entry upon defendants within 20 days of entry.
This constitutes the decision and order of the Court.
HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: January 6, 2025
Bronx, New York