West 144 Cluster LLC v Victorino (2025 NY Slip Op 50308(U))

[*1]

West 144 Cluster LLC v Victorino

2025 NY Slip Op 50308(U)

Decided on March 7, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 7, 2025
Civil Court of the City of New York, New York County

West 144 Cluster LLC, Petitioner,

against
Juliana Victorino, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 300899/24

Robert Prestia, Esq.
David J. Burton, Esq.
Horing, Welikson, Rosen & Digrugilliers, P.C.
Williston Park, NY 11596
Attorneys for petitioner 
Karol Liguori, Esq.
Zara Feingold, Esq.
New York Legal Assistance Group
New York, NY
Attorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR § 3211(a)(2) and/or for summary judgment pursuant to CPLR § 3212, or in the alternative, to amend the answer:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #7-12)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #15-17)
Affirmation in Reply 3 (NYSCEF #18)
Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.
[*2]PROCEDURAL HISTORY
This summary nonpayment proceeding was filed in January 2024. Respondent Juliana Victorino (hereinafter "respondent") filed a pro se answer on March 14, 2024. Subsequently, counsel appeared for respondent and made the instant motion to dismiss and/or for summary judgment, or in the alternative to amend the answer. Following the submission of opposition and reply papers, the court heard argument on the motion on March 5, 2025, and reserved decision.
MOTION TO DISMISS
Respondent first seeks dismissal pursuant to CPLR § 3211(a)(2) on the basis that the notice of petition and petition were not served in accordance with RPAPL § 735. Petitioner opposes this basis for dismissal in its entirety.
First, the court notes that CPLR § 3211(a)(2) concerns lack of subject matter jurisdiction. It is well established that Housing Court is "vested with subject matter jurisdiction over housing matters by statute (NY City Civ. Ct. Act § 110)." (170 West 85th Street Tenants Assn. v. Cruz, 173 AD2d 338, 339 [1st Dept 1991]; see also 433 West Assocs. v. Murdock, 276 AD2d 360, 360-361 [1st Dept 2000]). The court does not find that respondent has demonstrated that the court lacks subject matter jurisdiction over this summary nonpayment proceeding. 
To the extent that respondent intended to move pursuant to CPLR § 3211(a)(8), which concerns lack of personal jurisdiction, the court agrees with petitioner that the defense has been effectively waived by respondent's failure to raise any personal jurisdiction defense in her answer (see CPLR § 3211(e)). While respondent's motion to amend the answer, made in the alternative, attempts to include a personal jurisdictional defense at this juncture, the Appellate Division, First Department has held that "the waiver of a jurisdictional defense cannot be nullified by subsequent amendment to a pleading adding the missing affirmative defense." (McGowan v. Hoffmeister, 15 AD3d 297, 297 [1st Dept 2005] [emphasis in original]; see also Crotona Ave. Assoc. L.P. v. Lynch, 78 Misc 3d 1205[A], 2023 NY Slip Op 50159[U] [Civ Ct, Bronx County 2023]). While the Court of Appeals subsequently permitted amendment to include a personal jurisdictional defense as of right pursuant to CPLR § 3025(a) (see Iacovangelo v. Shepherd, 5 NY3d 184, 187 [2005]) and the Appellate Division, Second Department recently endorsed amendment by leave of court to include personal jurisdictional defenses pursuant CPLR § 3025(b) (see Deutsche Bank Natl. Trust Co. v. Groder, 218 AD3d 542 [2d Dept 2023]), Hoffmeister remains binding precedent in this Department (see Wells Bank, N.A. v. Sewer, 186 AD3d 1182, 1182 [1st Dept 2020]; see also Fairmount 88 LLC v. Fang Yu, 2025 NY Slip Op 25043, *3 [Civ Ct, Queens County 2025]; Lynch, 2023 NY Slip Op 50159[U], *3). 
Even assuming arguendo that the court could assess the merits of respondent's personal jurisdiction defense, the motion does not set forth a sufficient "sworn nonconclusory denial" of service of the notice of petition and petition to warrant a traverse hearing or dismissal (see NYCTL 1998-1 Trust & Bank of NY v. Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]). Respondent's affirmation made pursuant to CPLR § 2106 solely highlights the variances between her description and the "Jane Doe" purportedly served with substitute service. However, the affirmation does not specifically deny that respondent was served, nor dispute the mailings that are alleged in the affidavit of service (see PEP LLC v. Channel Creations LLC, 217 AD3d 591 [1st Dept 2023]). Accordingly, respondent's motion is denied to the extent that it seeks dismissal on the basis of improper service of the notice of petition and petition. 
[*3]MOTION FOR SUMMARY JUDGMENT
Respondent seeks summary judgment or partial summary judgment (see CPLR § 3212(e)) on a laches defense that she seeks to include in her proposed amended answer. Respondent argues that petitioner unduly delayed in pursuing its claims for rent and prejudiced respondent as a result. Petitioner opposes the motion and argues that respondent has not demonstrated undue delay or prejudice.
The "essential elements" of laches "are unreasonable and inexcusable delay by the [petitioner] in undertaking to enforce [its] rights, which result in prejudice to the opposing party." (Dante v. 310 Assoc., 121 AD2d 332, 334 [1st Dept 1986]; see also 214 Lafayette House LLC v. Akasa Holdings, LLC, 227 AD3d 75, 82 [1st Dept 2024]). As respondent is the proponent of the instant summary judgment motion, she bears the prima facie burden. As the Court of Appeals has held, "the proponent . . . must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact[.] . . . Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." (Alvarez v. Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]). Upon due consideration of the evidence submitted, respondent has not met her burden of demonstrating that no material issues of fact exist on her laches defense. While respondent's affirmation asserts that she is a low-income individual and that the arrears are now too high for her to pay off, this is not corroborated in any way. Moreover, while delay is inferred by petitioner seeking over a year of rent herein, respondent has not met her burden of proving "unreasonable and inexcusable delay." (Dante, 121 AD2d at 334). Accordingly, respondent's motion for summary judgment is denied.
MOTION TO AMEND THE ANSWER
As the court has previously held herein, respondent's attempt to amend her answer at this juncture to include a personal jurisdiction defense lacks merit and is denied (Hoffmeister, 15 AD3d at 297). However, the court finds that respondent has set forth an adequate basis to amend the answer otherwise. Motions for leave to amend "should be freely granted (CPLR 3025(b)) absent prejudice or surprise resulting from the proposed amendment, unless the proposed amendment is palpably insufficient or patently devoid of merit." (Badesch v. Fort 710 Assoc., L.P. 233 AD3d 604, 604 [1st Dept 2024]). The remaining defenses and counterclaims consisting of laches, breach of the warranty of habitability, breach of contract, and attorney's fees are not palpably insufficient or patently devoid of merit. Nor has petitioner demonstrated surprise or prejudice that would defeat amendment (see Four Thirty Realty LLC v. Kamal, 83 Misc 3d 138[A], 2024 NY Slip Op 51301[U] [App Term, 1st Dept 2024]). Accordingly, respondent's motion to amend the answer is granted except to the extent that the first defense (based on lack of personal jurisdiction) is stricken. As modified, the proposed amended answer (NYSCEF Doc. 12) is deemed served and filed.
CONCLUSION
Respondent's motion is disposed according to the determinations made herein. The proceeding will be restored for all purposes, including trial transfer, on April 4, 2025 at 9:30 AM. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: March 7, 2025
New York, New York
HON. CLINTON J. GUTHRIE
J.H.C.