■ AMBASSADOR INSURANCE COMPANY et al., Respondents, v ALLIED PROGRAMS CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on August 9, 1989, which, *inter alia,* granted the motion by plaintiffs Ambassador Insurance Company (Ambassador) and the Vermont Commissioner of Insurance and Banking (the Commissioner) for partial summary judgment as to liability as against defendants Allied Programs Corp. (Allied), Samuel M. Berman and Jay S. Leipzig, and which denied the

cross motion of defendant Allied for summary judgment dismissing the complaint, unanimously affirmed.

The Commissioner of Insurance and Banking for the State of Vermont, as receiver of plaintiff Ambassador Insurance Company, an insolvent Vermont property and casualty insurance company, seeks to recover from Allied, former agent for Ambassador, outstanding earned and unearned premiums and commissions due Ambassador as of November 10, 1983, the date of receivership, under a Vermont Superior Court liquidation order.

On May 18, 1976, Ambassador entered into a correspondent's agreement with Allied, executed on behalf of Allied by defendants Berman and Leipzig, which, explicitly provided in paragraphs 4 through 6 thereof that Allied was liable for all premiums on policies placed with Ambassador, including those premiums Allied failed to collect.

Based upon the record, we conclude that the IAS court properly granted the Commissioner's motion for partial summary judgment as to liability and properly denied Allied's cross motion for summary judgment dismissing the complaint.

The correspondent's agreement is enforceable as against Allied, despite the failure of Ambassador to execute same, because the record demonstrates performance of its terms and other unequivocal acts by parties who have acted in reliance on the agreement. *(Allen v National Video,* 610 F Supp 612, 631; *National Labor Relations Bd. v Local 825,* 315 F2d 695, 699; *Norton & Lamphere Constr. Co. v Blow & Cote,* 123 Vt 130, 183 A2d 230, 234.)

The Uniform Insurers Liquidation Act, which was enacted to provide a uniform system for the orderly and equitable administration of the assets and liabilities of defunct multistate insurers, mandates recognition of the Vermont liquidation order. *(See,* Insurance Law § 7408 *et seq.; Murphy Co. v Reserve Ins. Co.,* 54 NY2d 69, 76-78.)

It should be noted that the receivership proceedings for Ambassador have previously been afforded full faith and credit in New Jersey. *(Murphy v Ambassador Ins. Co.,* 195 NJ Super 274, 478 A2d 1243.)* Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.