■ In the Matter of NEIL D. LEVIN, as Superintendent of Insurance of the State of New York, Petitioner, v NATIONAL COLONIAL INSURANCE COMPANY, Appellant, and CHASE MANHATTAN BANK, N.A., Respondent. [745 NYS2d 28] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 12, 2001, which, to the extent appealed from as limited by the briefs, directed the conservator to distribute trust fund assets to the New York trustee, unanimously reversed, on the law, without costs, to direct distribution of trust fund assets to the Liquidator of National Colonial Insurance Company, and the matter remanded for further proceedings.

In December 2000, the Superintendent of Insurance of the State of New York commenced this proceeding as stakeholder to the competing claims of National Colonial Insurance Company (NCIC) and Chase Manhattan Bank, N.A. (Chase) to a trust fund. That fund, established in 1989 by NCIC's predecessor pursuant to an agreement with Chase's predecessor, had been established so that NCIC, a Kansas insurer, would be able to sell excess line policies in this state (11 NYCRR 27.15). In July 1993, NCIC was placed in liquidation in Kansas and the liquidator in that action acquired jurisdiction over any funds held in trust by Chase's predecessor under Kansas and New York laws (Kan Stat Ann § 40-3622 [a]; Insurance Law § 7410). Chase's predecessor filed a proof of claim in the Kansas liquidation proceeding for the funds in the trust and such claim was approved, upon a finding that Chase's predecessor was an unsecured general creditor. No objection to such finding was filed. The Kansas proceeding remains pending and NCIC claims that the trust fund's distribution should be resolved by the liquidator. The IAS court in this proceeding directed distribution to Chase based upon its claim of ownership. The IAS court refused to afford res judicata effect to the Kansas determination since it was not a final judgment but only recognized that Chase had a potential claim, fixing its priority. The IAS court further refused to apply collateral estoppel to the Kansas determination since ownership of the trust asset was not necessarily decided nor material in that action and, in any event, Chase claimed not to have had a full and fair opportunity to be heard. The order must be modified to direct that the trust fund be transferred to the liquidator in the Kansas proceeding.

A trust fund of the type involved here is covered by the liquidation statutes of Kansas and New York (Kan Stat Ann § 40-3607 [i]; Insurance Law § 7408 [b] [7]). The Kansas court had and has jurisdiction over the proper disposition of this trust asset and the liquidator in that proceeding should

determine distribution of such asset (Kan Stat Ann § 40-3622 [a]; Insurance Law § 7410). Chase's belatedly advanced claims to ownership, assuming that any remain viable, must be presented in the Kansas liquidation proceeding. The Kansas liquidation proceeding controls any distribution of the trust fund. Since Chase was afforded an opportunity to contest the Kansas determination which it did not exercise, Chase has been provided a full and fair opportunity to be heard in connection with its priority for distribution of such asset and such determination must be afforded full faith and credit (*see, Matter of Luna v Dobson*, 97 NY2d 178, 183; *G.C. Murphy Co. v Reserve Ins. Co.*, 54 NY2d 69). Concur—Mazzarelli, J.P., Buckley, Sullivan and Marlow, JJ.