■ A.J. PEGNO CONSTRUCTION CORP./TULLY CONSTRUCTION Co., INC., a Joint Venture, Respondent, v HIGHLANDS INSURANCE COMPANY, Appellant, et al., Defendant. [834 NYS2d 109]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered June 28, 2006, which, to the extent appealable, granted plaintiff declaratory relief, and bringing up for review an order, same court and Justice, entered January 23, 2006, which denied defendant Highland Insurance Company's motion for a stay, unanimously reversed, on the law, with costs, the judgment vacated, and the motion for a stay granted. Appeal from the January 23, 2006 order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The judgment declared that "the Highlands primary liability insurance policy and the Highlands umbrella liability insurance policy . . . issued to Budco Enterprises, Inc. afford liability insurance coverage to Pegno for the claims against Pegno in the underlying *Power* action." Highlands, a Texas-based insurer that writes policies in all 50 states, moved to stay this declaratory judgment action on the ground that in November 2003, the District Court of Travis County, Texas, appointed the Texas Commissioner of Insurance as Receiver of Highlands for purposes of conserving its assets and rehabilitating its business. Any and all claims against Highlands were to be submitted exclusively to that Receiver. The Texas order further restrained and permanently enjoined all litigation against Highlands. In May 2004, Highlands filed this Texas order in Supreme Court, Westchester County, pursuant to the Uniform Enforcement of Foreign Judgments Act (CPLR art 54). "In accordance with the Full Faith and Credit Clause, a 'judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced' " (*O'Connell v Corcoran*, 1 NY3d 179, 184 [2003], quoting *Underwriters Nat. Assurance Co. v North Carolina Life & Accident & Health Ins. Guaranty Assn.*, 455 US 691, 704 [1982], quoting *Hampton v McConnel*, 3 Wheat [16 US] 234, 235 [1818, Marshall, Ch. J.]). Plaintiff improperly commenced this declaratory judgment action, and the court should have granted the motion by Highlands for a stay. Concur—Andrias, J.P., Friedman, Sullivan, Williams and Catterson, JJ.