■ RIVKA DAMBROT, Respondent-Appellant, v REJ LONG BEACH, LLC, Appellant-Respondent, and OCEAN PICTURES CORP.,

Doing Business as PARK AVENUE THEATER, Respondent-Appellant. [836 NYS2d 194]—

In an action to recover damages for personal injuries, the defendant REJ Long Beach, LLC, appeals from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated September 7, 2005, as denied that branch of its motion which was for leave to serve opposition papers to the prior motion of the plaintiff and the prior cross motion of the defendant Ocean Pictures Corp., doing business as Park Avenue Theater, which were for discovery sanctions based upon spoliation of evidence, and granted that branch of the plaintiff's motion which was to impose a discovery sanction based upon spoliation of evidence, and the defendant Ocean Pictures Corp., doing business as Park Avenue Theater, cross-appeals from so much of the same order as denied those branches of its cross motion which were to strike the cross claims asserted against it by REJ Long Beach, LLC, and for summary judgment on its cross claims against REJ Long Beach, LLC, on the ground of spoliation of evidence, and the plaintiff cross-appeals from so much of the same order as denied that branch of its motion which was to strike the defendants' respective answers.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, that branch of the motion by the defendant REJ Long Beach, LLC, which was for leave to serve opposition papers to the prior motion of the plaintiff and the prior cross motion of the defendant Ocean Pictures Corp., doing business as Park Avenue Theater, is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, including a new determination of the plaintiff's prior motion and the prior cross motion of the defendant Ocean Pictures Corp., doing business as Park Avenue Theater; and it is further,

Ordered that one bill of costs is awarded to the defendant REJ Long Beach LLC.

The defendant REJ Long Beach, LLC (hereinafter REJ), contends that the Supreme Court improperly denied that branch of its motion which was for leave to file opposition papers to the prior motion by the plaintiff and the prior cross motion by the defendant Ocean Pictures Corp., doing business as Park Avenue Theater (hereinafter Ocean), which were for discovery sanctions for spoliation of evidence. We agree.

Before REJ's time to file opposition papers expired, a stay of proceedings against insureds of REJ's insurance carrier was issued by a Pennsylvania court in an insurance company rehabilitation proceeding involving the insurance carrier, duly filed with the Queens County Clerk's Office, and served upon the plaintiff and Ocean. The Supreme Court nonetheless ruled on the motion and cross motion in an order dated May 17, 2002. Upon granting that branch of REJ's motion which was to vacate the May 17, 2002, order, the Supreme Court ruled on the motion and cross motion without permitting REJ to file opposition papers on the ground that REJ had sufficient time to do so at the time of the filing of the plaintiff's original motion and Ocean's cross motion. This was error.

A stay by a court in another state enjoining and restraining all claims against insureds of an insolvent liability insurer is entitled to full faith and credit, and has the effect of suspending all proceedings against the insured as of its effective date (*see Beecher v Lewis Press Co.*, 238 AD2d 927 [1997]). Since the deadline for REJ's filing of opposition papers had not expired before the filing of the stay and service upon the other parties in this case, it was improper for the Supreme Court to rule on the plaintiff's motion and Ocean's cross motion without affording REJ the opportunity to file opposition papers. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.