Givens v Kingsbridge Hgts. Care Ctr., Inc. (2019 NY Slip Op 02967)





Givens v Kingsbridge Hgts. Care Ctr., Inc.


2019 NY Slip Op 02967


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9033 25103/15E

[*1]Marjorie Givens, etc., Plaintiff-Appellant,
v
Kingsbridge Heights Care Center, Inc., et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia (Robert A. Lifson of counsel), for respondents.



Order, Supreme Court, New York County (Mary Ann Brigantti, J.), entered February 9, 2017, which granted defendants' motion to stay plaintiff's negligence action against defendants for as long as an order of a Montana court enjoining all litigation against defendants' insolvent risk retention group, CareConcepts Insurance, Inc., remains in effect, unanimously reversed, on the law, without costs, and the motion denied.
In this action seeking to recover for injuries sustained by plaintiff while she was a resident at defendants' nursing home, defendants ask the Court to afford full faith and credit to an order of the Montana First Judicial Court of Lewis and Clark County granting an automatic stay of all pending legal proceedings and actions against CareConcepts Insurance, Inc. (CareConcepts), defendants' risk retention group. However, the Montana order, by its express terms, enjoins and prohibits only actions against CareConcepts, without mentioning its insureds.
Even assuming that the Montana order's reference to actions to obtain "possession and control of the property or assets of [CareConcepts]" indicates an intention to enjoin actions against its insureds, we conclude that a stay is not warranted as a matter of full faith and credit or comity.
Generally, a stay issued by a foreign court "enjoining claims against insureds of an insolvent liability insurer is entitled to full faith and credit, and has the effect of suspending all proceedings against the insured as of its effective date" (Dambrot v REJ Long Beach, LLC, 39 AD3d 797, 799 [2d Dept 2007]; Beecher v Lewis Press Co., 238 AD2d 927, 927—928 [4th Dept 1997]). However, the Full Faith and Credit clause does not require a state to apply another state's laws in violation of its own legitimate public policy (Crair v Brookdale Hosp. Med. Ctr., Cornell Univ., 94 NY2d 524, 528 [2000]).
Risk retention groups, unlike traditional insurance companies, are not required to contribute to a guaranty fund which would be available in the event of their insolvency (see 15 USC §§ 3901-3906; Insurance Law § 5906 [exempts risk management companies from the requirement of contributing to an insurance insolvency fund]). Thus, injured plaintiffs suing defendants insured by a risk retention agency are particularly prejudiced by the enforcement of such stays. Imposing a stay, of potentially indefinite duration, in this case would undermine the State's important public policy of protecting victims of negligence in nursing homes and allowing them economic redress (see Matter of Kent Nursing Home v Office of Special State Prosecutor for Health & Social Servs., 49 AD2d 616 [1975], affd sub nom. Matter of Sigety v Hynes, 38 NY2d 260 [1975], cert denied 425 US 974 [1976]).
For these reasons, the doctrine of comity also does not require enforcement of the Montana order (J. Zeevi & Sons v Grindlays Bank [Uganda], 37 NY2d 220, 228 [1975], cert denied 423 US 866 [1975] ["where there is a conflict between our public policy and application of comity, our own sense of justice and equity as embodied in our public policy must prevail"]).
Denying a stay of plaintiff's negligence action would not violate the Liability Risk [*2]Retention Act (LRRA) (15 USC 3901-3906) because the LRRA does not necessitate compliance with out-of-state court orders regarding a stay of legal proceedings against a risk retention group's insured. In addition, denying a stay in this case would not violate the Uniform Insurers Liquidation Act (UILA) (Insurance Law §§ 7408-7415), as CareConcepts is a risk retention group and exempt from state laws such as the UILA.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK