Caimares v Erickson (2019 NY Slip Op 04337)





Caimares v Erickson


2019 NY Slip Op 04337


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9530 20620/17E

[*1]Cynthia I. Caimares, Plaintiff-Respondent,
v
Aimee Erickson, et al., Defendants-Appellants, David M. Jakubowicz, M.D., et al., Defendants.


Vogrin & Frimet, LLP, New York (Francine L. Semaya of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo P.C., New York (Brian J. Shoot of counsel), for respondent.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered May 29, 2018, which granted plaintiff's motion to lift the stay of these proceedings, unanimously affirmed, without costs.
Plaintiff, diagnosed with advanced-stage breast cancer, commenced this action to recover for injuries sustained due to defendants' alleged failure to inform her of the results of an October 28, 2014 mammography or refer her for follow-up evaluation. Pursuant to an order of the South Carolina Court of Common Pleas, dated September 21, 2017, and a Clarification Order of the same court, dated February 8, 2018 (Stay Orders), issued in connection with the liquidation of Oceanus Insurance Company, a Risk Retention Group, this action was administratively stayed, because defendant Aimee Erickson, FNP, is insured by Oceanus.
In accord with our recent decision in Givens v Kingsbridge Hgts. Care Ctr., Inc., __ AD3d __, 2019 NY Slip Op 02967, *2 [1st Dept, April 18, 2019]), we hold that lifting the stay in this case does not violate the Uniform Insurers Liquidation Act (UILA) (Insurance Law §§ 7408—7415), because Oceanus is a risk retention group (RRG) and exempt from state laws such as the UILA.
The Full Faith and Credit Clause of the US Constitution (US Const, art IV, § 1) does not dictate a different result. That clause does not require a state to apply a foreign state's law in violation of its own legitimate public policy (Givens, 2019 NY Slip Op 02967, *1, citing Crair v Brookdale Hosp. Med. Ctr., Cornell Univ., 94 NY2d 524, 528 [2000]). Most of defendants-appellants' public policy arguments rely upon New York's adoption of the UILA, but, as indicated, UILA is not relevant here. Moreover, defendants' emphasis on New York's interest in preserving liquidation proceedings from outside interference is misplaced; the liquidation proceedings at issue here were commenced out of state and concern a non-domiciliary RRG (cf. Matter of Knickerbocker Agency [Holz], 4 NY2d 245 [1958]; Lac D'Amiante du Quebec, Ltee v American Home Assur Co., 864 F2d 1033 [3d Cir 1988]).
Defendants cite no case that supports their assertion that the public policy goal of centralizing proceedings against insolvent insurers takes precedence over this State's policy goals of compensating tort victims. Plaintiff's position to the contrary is particularly persuasive, given the unavailability of indemnity funds to compensate her for harms attributable to defendant Erickson (see Insurance Law § 5906). To the extent defendants herald the creation of RRGs by federal law as a solution to a former insurance crisis, the record before us does not demonstrate that plaintiff received a benefit from any aspect of the solution. While Erickson would have knowingly assumed the risk of being insured by Oceanus (see 15 USC [Liability Risk Retention Act] § 3902[a][1]), there is no basis on which to find that plaintiff similarly knowingly assumed [*2]that risk, or even was aware of the risk, or that she reaped any benefit from having assumed it, such as, for example, lower medical bills.
The record does not support defendants' argument that the court discriminated against RRGs, in violation of the Liability Risk Retention Act. The court ruled against defendants on the basis of case law and statutory authority, not personal animus. It did not condition Oceanus's continued operation in New York upon conduct otherwise prohibited by statute (see National Warranty Ins. Co. v Greenfield, 24 F Supp 2d 1096 [D Or 1998], affd 214 F3d 1073 [9th Cir 2000], cert denied 531 US 1104 [2001]). It merely held that a pending action by a severely ailing plaintiff could proceed.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK