Emigrant Mtge. Co., Inc. v Kelly (2019 NY Slip Op 04359)





Emigrant Mtge. Co., Inc. v Kelly


2019 NY Slip Op 04359


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05246 
2016-05247
 (Index No. 11993/09)

[*1]Emigrant Mortgage Company, Inc., respondent,
v
Melissa Kelly, etc., et al., appellants, et al., defendants.


Ardito & Ardito, LLP, Franklin Square, NY (Joseph Ardito of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Allison J. Sanders of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Melissa Kelly and Michael Kelly appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 10, 2016, and February 16, 2016, respectively. The order entered February 10, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their amended answer and counterclaim, and for an order of reference. The order entered February 16, 2016, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the order entered February 10, 2016, is reversed insofar as appealed from, on the law, the order entered February 16, 2016, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,
ORDERED that the appeal from the order entered February 16, 2016, is dismissed as academic in light of our determination on the appeal from the order entered February 10, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendants Melissa Kelly and Michael Kelly.
On or about July 13, 2007, Melissa Kelly executed and delivered an adjustable rate note to the plaintiff evidencing a loan in the principal sum of $415,000 which she promised to repay in monthly installments. The loan was secured by a mortgage signed by Melissa Kelly and Michael Kelly (hereinafter together the defendants) encumbering real property in Malverne (hereinafter the subject property).
On June 19, 2009, the plaintiff commenced this action to foreclose the mortgage against the defendants and others, including Marian N. Karras-Pollatos, the holder of a second [*2]mortgage against the subject property. Approximately one month later, the defendants interposed an answer. Karras-Pollatos neither answered the complaint nor appeared in the action.
In January 2013, the plaintiff moved, among other things, for summary judgment on the complaint and for an order of reference. In an order entered October 20, 2014 (hereinafter the 2014 order), the Supreme Court denied the motion and granted that branch of the defendants' cross motion which was for leave to file an amended answer to include counterclaims and cross claims. Thereafter, the defendants submitted an amended answer asserting affirmative defenses and a counterclaim against the plaintiff alleging unconscionability and predatory lending.
In October 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' amended answer and counterclaim, and for an order of reference. By motion brought on by an order to show cause, Karras-Pollatos moved to vacate her default and for leave to file a late answer. The order to show cause, signed on October 29, 2015, contained a provision staying all proceedings pending the hearing and determination of Karras-Pollatos's motion. As a result, the defendants did not submit opposition to the motion by the plaintiff as that motion was subject to the stay.
In an order entered February 10, 2016, the Supreme Court denied the motion of Karras-Pollatos and granted the plaintiff's motion. In an order entered February 16, 2016, the court, having denied the motion of Karras-Pollatos and granted the plaintiff's motion, then vacated the stay imposed on October 29, 2015. The defendants appeal from the order entered February 10, 2016, and the order entered February 16, 2016.
In deciding the motion of Karras-Pollatos, inter alia, to vacate her default, the Supreme Court should not have also decided the plaintiff's motion without affording the defendants the opportunity to submit opposing papers. By deciding the plaintiff's motion simultaneously with the decision on the Karras-Pollatos motion, the court deprived the defendants of an opportunity to oppose the plaintiff's motion (see Dambrot v REJ Long Beach, LLC, 39 AD3d 797, 799).
The defendants' remaining contentions, including that the plaintiff failed to provide discovery, are not properly before this Court, as they are based on matter dehors the record (see Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099, 1100).
Accordingly, we reverse the order entered February 10, 2016, insofar as appealed from, vacate the order entered February 16, 2016, and remit the matter to the Supreme Court for further proceedings. Upon remittal, the subject branches of the plaintiff's motion shall be determined on the merits after the defendants have been afforded an opportunity to submit papers in opposition to those branches of the plaintiff's motion.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court